UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA, NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES ) | |
| v. ) | Case No. 5:19-cr-225-AKK-SGC |
| DANIEL SEBASTIAN STEELE, ) | |
| Defendant. ) | |

<u>DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR VARIANCE</u>

COMES NOW Defendant DANIEL SEBASTIAN STEELE, through counsel, and submits this sentencing memorandum in support of a sentence of 2 years of probation, with the special condition that Mr. Steele be placed on home confinement for a period of 12 months. In support, he states:

Mr. Steele is 57 years' old and has zero criminal history. PSR, ¶¶ 29–32. He is coming before the Court to be sentenced for possessing a machine gun in violation of 18 U.S.C. § 922(o). His guidelines imprisonment range is 18–24 months, but a downward variance to a non-incarceration sentence is appropriate in this case because (1) this is Mr. Steele's first offense; (2) Mr. Steele was immediately cooperative and truthful with law enforcement and has accepted responsibility; and (3) Mr. Steele is at low risk for recidivism.

Mr. Steele has a high school education and worked for twenty years building garbage trucks as a welder for Heil Environmental. PSR, ¶ 51. He quit his job in 2017 to care for his ill mother, who ultimately passed away in November 2018. PSR, ¶ 36. Due to his age and health, Mr. Steele can no longer work in physically

demanding jobs like the one he held at Heil. As a result, he has held three different temporary jobs in the past year. PSR, ¶ 50. Quitting his job and caring for his mother also put significant financial strain on Mr. Steele. He therefore, unfortunately, began to sell his firearms collection, his only remaining asset, as a means to support himself. PSR, ¶ 9.

Mr. Steele very much regrets his decision to purchase and possess illegal firearms. When confronted by ATF agents, Mr. Steele immediately confessed and turned over the unlawful guns. PSR, ¶¶ 10–13. He has always prided himself on being a respectful, honorable man, and is ashamed of his behavior in this case. He understands that he is deserving of punishment for his offense, but hopes that the Court will consider that his criminal behavior is out of line with his otherwise law-abiding history and characteristics.

The primary goal of sentencing is to impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment. 18 U.S.C. § 3553(a). Although the Court must consider the Guidelines' sentencing range, this Court has wide discretion to impose a punishment that "fit[s] the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 488 (2011) (quoting *Williams v. New York*, 337 U.S. 241, 247 (1949)). "[J]ustice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with

the character and propensities of the offender." *Pepper*, 562 U.S. at 488 (quoting *Penn. ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55 (1937)).

To that end, both the Sentencing Commission and Congress have recognized the general appropriateness of imposing alternative sentences on non-violent first offenders. For example, the Guidelines instruct the Court to consider a non-incarceration sentence if the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table. USSG § 5C1.1 app. n.4. The commentary cites to 28 U.S.C. § 994(j), which discusses "the general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first offender who has not been convicted of a crime of violence or an otherwise serious offense." An alternative sentence is also consistent with a recent recidivism study done by the Sentencing Commission, which found that offenders with zero criminal history points have lower recidivism rates than offenders with one criminal history point, and that offenders with no prior contact with the criminal justice system—like Mr. Steele—have an even lower recidivism rate.[1] The Commission has also noted that "[s]tudies have repeatedly shown that older offenders are at lower risk for reoffending, and the Commission's research confirms these findings.[2] Thus, although Mr. Steele's guidelines range is 4 levels

---

[1] U.S. SENTENCING COMMISSION, THE PAST PREDICTS THE FUTURE: CRIMINAL HISTORY AND RECIDIVISM OF FEDERAL OFFENDERS (March 2017), *available at* https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20170309_Recidivism-CH.pdf (last accessed 10/3/19).

[2] U.S. SENTENCING COMMISSION, RECIDIVISM AMONG FEDERAL OFFENDERS: A COMPREHENSIVE OVERVIEW 23 (March 2016), *available at*

above Zone B, and therefore he does not fall within the Commission's explicit directive to consider a non-incarceration sentence, an alternative sentence is still appropriate in his case.

WHEREFORE, Mr. Steele respectfully requests that the Court impose a sentence of 2 years of probation, with the special condition that Mr. Steele be placed on home confinement for a period of 12 months.

Respectfully Submitted,

KEVIN L. BUTLER
Federal Public Defender

*/s/ Deanna Lee Oswald*
Deanna Lee Oswald
Assistant Federal Defender
200 Clinton Avenue West, Suite 503
Huntsville, AL 35801
256-684-8700 (t)
256-519-5948 (f)
deanna_oswald@fd.org

## CERTIFICATE OF SERVICE

I certify that on October 3, 2019, the foregoing was filed with the Clerk of Court and docketed electronically using this Court's CM/ECF system, which will provide notice to counsel of record and to the United States Probation Office.

*/s/ Deanna Lee Oswald*
Deanna Lee Oswald

---

http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2016/recidivism_overview.pdf (last accessed 10/3/19).